Andrews, J.—The
relator was arrested by the respondent, who is sheriff of the city and county of New York, under an order of arrest granted in an action brought by Fanny Cohen, the relator’s wife, to procure a separation. The action has been tried and judgment entered in the plaintiff’s favor, and the defendant is required by such judgment to pay the plaintiff alimony at the rate of seven dollars a week, from April 22, 1886, and §100 counsel fee and expenses, and to give security for the payment of such alimony; but no proceedings under such judgment have been taken, and it appears by the return to the writ of certiorari that the relator is still held under the original order of arrest.
It was decided by Judge Potter that an order of arrest is a mandate against the person to enforce the recovery of a sum of money. Lust v. Grant (1 N. Y. St. Rep., 537); but this decision is in conflict with those of Judge Van Brunt in People ex rel. Rodding v. Grant (not reported), of Judge Corlett in N. Y. Central and H. P. RR. Co. v. Shepard (1 N. Y St. Rep., 77), and of Judge McAdam in Warshauer v. Webb.
The three decisions last mentioned were, as I understand, rendered in actions where judgment for a sum of money only was sought, and if they were correctly decided, a fortiori, an order of arrest in an action brought by a wife to obtain a judgment of separation from her husband is not a mandate to enforce the recovery of a sum of money.
As the relator is not imprisoned under an execution, nor under a commitment upon a fine for contempt of court in the non-payment of alimony or counsel fees in a divorce case, nor, according to the weight of authority as the decisions now stand, under a mandate to enforce the recovery of a sum of money within the meaning of section 111 of the Code, as amended by section 3 of chapter 672, of the Laws of 1886, J am constrained to deny the motion for his discharge.
An appeal, which presents the precise question involved in this case, is pending at the general term, and, as the matter is one of great importance, not only to the relator *187 and the sheriff in this case, but in all cases where orders of arrest have been or shall lie granted, I have deferred my decision for a short time, hoping that, before rendering it, I might have the benefit of knowing what views are entertained by the appellate branch of the court as to the proper construction of section 3 of said chapter 672.
As it seems to be uncertain, however, when the appeal will be disposed of, I must decide the question according to the light I now have, and the motion will be denied, but without costs.